No. 4796.

STATE ex rel. LOUIS GAGNET *v.* ADMINISTRATOR OF PUBLIC ACCOUNTS.

The purport of all the regulations made in relation to the matter of drainage into the Caron-delet Canal and the Bayou St. John, from the act of the Legislature of March 10, 1858, ap-pears to be, that the city was prohibited from such drainage; or, if persisted in, that it should indemnify parties injured thereby—such indemnity to be ascertained by experts as damages. A report of such experts fixed the sum of $500 per month in favor of the relator after the first of July, 1869, *so long as such drainage should continue.*

The decision of this Court rendered in March, 1871, while the city was still draining into the Bayou St. John, limited the liability of the city to pay $500 per month to the relator, for this draining privilege, to the end of his lease, which expires in April, 1878.

But that decree certainly did not bind the city to continue to drain into the Bayou St. John until the expiration of the relator's lease, whether it thought proper to do so or not. It was not bound to pay for a privilege after ceasing to use it and after having abandoned it in March or April, 1873, paying the relator up to that time.

The swamp back of the city is a natural reservoir which, in its turn, sends all its waters into the lake beyond, and if from natural causes any of those waters on their way to the lake are thrown back, so that through certain outlets connected with the Bayou, which the plaintiff himself can readily close, a portion of the swamp water, freed from smell and noxious matters, for a limited period of time finds its way into the Bayou, that state of things can not be called drainage by the city into the bayou.

APPEAL from the Superior District Court, parish of Orleans. *Haw-kins*, J. *O. W. Huntington* and *T. Livingston*, for relator and ap-pellant. *Geo. S. Lacey*, city attorney, for defendant and appellee.

TALIAFERRO, J. The relator applied for and obtained an order from the Superior Court requiring the defendant to show cause, on a day fixed, why a *mandamus* should not issue compelling him to receive and regis-ter on his books according to law a certain judgment rendered by the Supreme Court in the case of Louis Gagnet *v.* the City of New Orleans, ( 23 An. p 207 ) by which the plaintiff's right to require from the city a monthly payment of five hundred dollars for draining into the Bayou

St. John was limited to twenty-eighth of April, 1878, the time at which the plaintiff's lease is to expire. The Administrator of Public Accounts showed for cause, that by the judgment referred to in the plaintiff's petition, the city was compelled to pay the relator five hundred dollars per month for each and every month the city should drain into the Bayou St. John after the first of July, 1869, provided that such liability should in no event be regarded as accruing from and after the twenty-sixth of April, 1878. The respondent further shows, that the city has ceased draining into the Bayou St. John, and having paid the relator the amount required by the judgment up to the time of ceasing to drain into the said bayou, the judgment aforesaid has ceased to have effect either in law or equity.

The rule was discharged and the relator appeals. We think the judgment correct. We understand the purport of all the regulations made in relation to the matter of draining into the Carondelet canal and the Bayou St. John from the act of the Legislature of March 10, 1858, to be that the city was prohibited from such draining; or, if persisted in, it should indemnify parties injured thereby, such indemnity to be ascertained by experts as damages. Their report fixed the sum of $500 per month after first July, 1869, *so long as such draining should continue.* The lease of the canal by the relator is to expire on the twenty-eighth of April, 1878. The decision of this court rendered in March, 1871, while the city was still draining into the Bayou St. John, limited the liability of the city to pay $500 per month to the relator for this draining privilege to the end of his lease. But that decree certainly did not bind the city to continue to drain into the Bayou St. John until the expiration of the relator's lease, whether it thought proper to do so or not. It was not bound to pay for a privilege after ceasing to use it and which it abandoned in March or April, 1873, paying the relator up to that time. But there is an effort made to show that the City continues to drain into the bayou by means of the London avenue draining machine, by which a portion of the drainage water from the Third District is thrown into the swamp, and by this means the volume of water in the swamp is increased, and as a consequence, a large quantity of water is thrown into the bayou, thereby making more onerous the servitude to which it is subjected, and article 660 of the Civil Code and 13 An. 587, are referred to. We are unable to see the applicability of the article of the Code and the authority referred to. The respondent rejoins that the swamp is a natural reservoir which in its turn sends all its waters into the lake beyond; and if from natural causes, any of these waters on their way to the lake are thrown back, so that through certain outlets connected with the bayou, which the plaintiff himself can readily close, a portion of the swamp water, freed from smell and

State ex rel. Gagnet v. Administrator of Public Accounts.

noxious matters, for a limited period of time finds its way into the bayou, that that state of things can not be called drainage by the city into the bayou.

We do not see that the relator has made out a case entitling him to the peremptory mandamus prayed for. We think it was properly refused.

Judgment affirmed.